United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 11, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41407
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

KERRIC DEWAUN OWENS,

                                        Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-560-1
---------------------

Before BENAVIDES, DENNIS and OWEN, Circuit Judges.

PER CURIAM:[*]

Kerric Dewaun Owens appeals his sentence following his guilty-plea conviction for transporting an undocumented alien within the United States by means of a motor vehicle for private financial gain, in violation of 8 U.S.C. § 1324.  Owens argues that his sentence violates the Sixth Amendment and United States v. Booker, 125 S. Ct. 738 (2005), because the district court applied a sentencing enhancement under the Sentencing Guidelines for creating a substantial risk of death or serious bodily

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

injury.  Because Owens did not raise a <u>Booker</u> challenge to his sentence in the district court, his argument is reviewed for plain error only.  <u>See</u> <u>United States v. Mares</u>, 402 F.3d 511, 520-21 (5th Cir. 2005), <u>petition for cert. filed</u> (Mar. 31, 2005) (No. 04-9517).

Owens makes no showing, as required by <u>Mares</u>, that the district court would likely have sentenced him differently under the <u>Booker</u> advisory scheme.  Similarly, there is no indication from the district court's remarks at sentencing that the court would have reached a different conclusion.  Thus, Owens has not met his burden to show that his substantial rights were affected, and he has not shown plain error.  <u>See</u> <u>Mares</u>, 402 F.3d at 522; <u>see</u> <u>also</u> <u>United States v. Bringier</u>, 405 F.3d 310, 318 n.4 (5th Cir. 2005).

AFFIRMED.